UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHERRIS NICHOLS, et al | CIVIL ACTION NO. 10-0139 |
| VERSUS | U.S. DISTRICT JUDGE TRIMBLE |
| BARRY TILLMAN, JR., M.D. | MAGISTRATE JUDGE JAMES D. KIRK |

**REPORT AND RECOMMENDATION**

Before the Court is defendant's motion to transfer venue, Doc. # 3, under 28 U.S.C. 1391 AND 1406(a) or, alternatively, under 28 U.S.C. 1404. This is a suit against the only defendant, a medical doctor, claiming damages as a result of alleged medical malpractice. The case was removed by defendant from state court.

Defendant argues that the general venue provision is applicable and that venue is improper under that statute. However, the general venue statute has no applicability where a case is removed from state court. Instead, in such cases, venue is governed by 28 U.S.C. 1441(a) which provides that venue is proper in the district embracing the place where such action was brought. See Polizzi v. Cowles Magazines, Inc., 345 U. S. 663 (1953). In this case, that is this court.

However, defendant alternatively argues that venue should be transferred for the convenience of the parties under 28 U.S.C. 1404(a). A transfer is within the court's sound discretion. Jarvis v. Exxon Corp., 845 F.2d 523, 528 (5th Cir. 1988). Defendant bears the burden of establishing that the transferee forum is more convenient. Pateet v. Dow Chemical Co., 868 F.2d 1428, 1436 (5th Cir. 1989).

In deciding whether to transfer venue for the convenience of the parties, a court must consider the following factors[1]:

> 1) The relative ease of access to sources of proof,
> 2) The availability of compulsory process to secure the attendance of witnesses,
> 3) The cost of obtaining the attendance of witnesses,
> 4) Other practical problems that make trial of a case easy, expeditious and inexpensive,
> 5) Administrative difficulties flowing from court congestion,
> 6) Local interest in having localized issues decided at home,
> 7) Familiarity of the forum with the law that will govern the case, and
> 8) Avoidance of conflicts of laws.

Considering all of these factors which apply, the court is convinced that the interests of justice and convenience of the parties and witnesses require transfer. Defendant's treatment of plaintiff occurred in Mississippi, not Louisiana. Most of the fact witnesses reside in Mississippi, not Louisiana, and can more easily be compelled to attend trial there. The federal court in Natchez is much closer to both plaintiffs and defendants than this court, in Alexandria. In addition, Mississippi, not Louisiana, law governs this case ( 28 U.S.C. 1346(b). [2]

For the foregoing reasons, IT IS RECOMMENDED that this case be transferred to the docket of the United States District Court for the Southern District of Mississippi, Western Division, for further proceedings.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's

---

[1] In re: Volkswagen of America, Inc., 545 F.3d 304 (5th C. 2008).

[2] The court has been provided no information regarding the other factors.

objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 23rd day of March, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE