```
         IN THE UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION
```

**CHERRIS NICHOLS, WIFE OF, INDIVIDUALLY
AND ON BEHALF OF THE DECEDENT
DONALD ALTON NICHOLS, AND JAMIE NICHOLS**                **PLAINTIFF**

**V.**                              **CASE NO. 5:11-cv-00010-DCB-JMR**

**BARRY TILLMAN, JR., M.D.**                              **DEFENDANT**

## OPINION AND ORDER

This matter comes before the Court on the Defendant's Motion for Summary Judgment [**docket entry no. 61**];[1] Motion to Strike Plaintiff's Memorandum in Opposition to Motion for Summary Judgment [**docket entry no. 66**], Motions to Strike Plaintiff's Designations of Experts [**docket entry nos. 74, 76**], and Motion for Hearing on the Motion for Summary Judgment [**docket entry no. 77**]. Having considered said Motions, applicable statutory and case law, and being otherwise fully advised of the premises, the Court finds and orders as follows:

### I. Procedural History

On August 23, 2011, Defendant Dr. Tillman moved for summary judgment arguing that Plaintiff Nichols had not produced medical expert testimony necessary to show that he breached the standard of care. Nichols opposed this Motion claiming that she was attempting to locate medical experts and noting that the Court's Case Management Order [docket entry no. 41] set November 1, 2011 as the

---

[1] Barry Tillman, M.D., is incorrectly named Barry Tillman, Jr., M.D. in the style of the case.

deadline for designating expert witnesses. Dr. Tillman moved to strike her response as untimely because it was filed outside of the fourteen (14) days provided by Local Rule 7.

On October 28, 2011 and October 31, 2011, Nichols filed two Notices of Designation of Experts [docket entry nos. 74, 76] in accordance with the Case Management Order. Shortly after each of these Notices was filed, Dr. Tillman moved to strike them as deficient under Federal Rule of Civil Procedure 56 because Nichols failed to submit affidavits from her designated experts averring that Dr. Tillman had breached the requisite standard of care.[2] Now Dr. Tillman asks the Court to set a hearing on his Motion for Summary Judgment.

## II. Analysis

The thrust of Dr. Tillman's argument is that the Court should grant his pending Motion for Summary Judgment because Nichols's opposition to that Motion is both procedurally and factually deficient--procedurally deficient because her Motion in Response to Summary Judgment was filed late and factually deficient because she has produced no testimony on which the Court can rely under Rule 56.

---

[2] Although Dr. Tillman's second motion is docketed as a Motion to Strike the designation of Nichols's second expert witness, see docket entry no. 76, the substance of the Motion merely elaborates on his reasons for opposing Nichols's first expert witness, Dr. Holstein, and does not outline his reasons for objecting to the second witness, Dr. Fintel. Because Dr. Fintel did not submit an affidavit or declaration, the Court assumes that Dr. Tillman intended the same argument to apply to both Notices.

Dr. Tillman is correct that Nichols has not produced any admissible evidence to oppose his Motion for Summary Judgment. In order to overcome his Motion, Nichols must challenge it with admissible evidence, as defined by Federal Rule of Civil Procedure 56(c), which demonstrates to this Court that there is a genuine issue of fact as to whether Dr. Tillman breached a nationally-recognized standard of care. See Palmer v. Biloxi Regional Med. Ctr., Inc., 564 So. 2d 1346, 1354 (Miss. 1990); Travis v. Stewart, 680 So. 2d 214, 218 (Miss. 1996); Walker v. Skiwski, 529 So. 2d 184, 187 (Miss. 1988). Otherwise, Dr. Tillman is entitled to summary judgment as a matter of law. FED. R. CIV. PRO. 56(a). At this point, however, his Motion is premature.

The Case Management Order required Nichols to designate her expert witnesses by November 1, 2011, over two months after Dr. Tillman filed his Motion for Summary Judgment. Nichols attempted to comply with this Order.[3] See Notice of Service, docket entry nos. 73, 75. Further, according to the Case Management Order, Nichols has not had the opportunity to complete discovery as the deadline

---

[3] Since Dr. Tillman's Motion addresses how Nichols has failed to produce evidence to create a genuine issue for trial, the Court will not address whether or not her Notices were insufficient under Rule 26. Even if Nichols has not properly designated her second expert--a matter that is not raised in Tillman's Motion--the Court would not, at this stage, grant Tillman's Motion for Summary Judgment based on this procedural deficiency alone and would allow Nichols time to rectify the defect. See Barrett v. Atl. Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996) (outlining the factors the Court should consider when a party fails to comply with a pretrial order); Applewhite v. United States, No. 3:07-cv-162-WHB, 2008 WL 4539625, at *4 (S.D. Miss. 2008)(unreported op.) (same).

for its completion--February 1, 2012--has not yet passed.

### III. Disposition

Now that deadline for designating expert witnesses has expired, the Court will allow Nichols thirty (30) days to file a response to Dr. Tillman's Motion for Summary Judgment [**docket entry no. 61**] and will hold the Motion in abeyance until such time. Accordingly,

**IT IS HEREBY ORDERED THAT** the Defendant's Motion for Summary Judgment [**docket entry no. 61**] **HELD IN ABEYANCE.**

**IT IS FURTHER ORDERED THAT** the Plaintiff has **thirty (30) days** from the filing of this Order to respond to said Motion.

**IT IS FURTHER ORDERED THAT** the Defendant's Motion to Strike [**docket entry no. 74**] is **DENIED.**

**IT IS FURTHER ORDERED THAT** the Defendant's Motion to Strike [**docket entry no. 76**] is **DENIED.**

**IT IS FURTHER ORDERED THAT** the Defendant's Motion for Hearing [**docket entry no. 77**] is **DENIED.**

**SO ORDERED AND ADJUDGED,** this the 16th day of December 2011.

  /s/ David Bramlette
**UNITED STATES DISTRICT JUDGE**