```
        IN THE UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  WESTERN DIVISION
```

**CHERRIS NICHOLS, WIFE OF, INDIVIDUALLY
AND ON BEHALF OF THE DECEDENT
DONALD ALTON NICHOLS, AND JAMIE NICHOLS**                        **PLAINTIFFS**

**V.**                                    **CASE NO. 5:11-cv-00010-DCB-JMR**

**BARRY TILLMAN, JR., M.D.**                                      **DEFENDANT**

## ORDER

Before the Court are Defendant's Motions in Limine [**docket entry nos. 110, 111**] and Plaintiffs' First Motion in Limine and [**docket entry no. 112**] and Motion for Leave to File Motion in Limine and to Strike Defendant's Out of Time Discovery Responses [**docket entry no. 118**]. At the pretrial conference held on May 17, 2012, at the United States Courthouse in Jackson, MS, after hearing the arguments of the Parties, the Court ruled on the three motions in limine but reserved judgment on the Plaintiffs' other Motion until the Defendant had the opportunity to respond. The Court hereby reiterates its findings on the motions in limine for the record, and having now considered the Defendant's response to the Plaintiff's other Motion, additionally finds as follows:

*1. Defendant's First Motion in Limine*

Defendant's First Motion in Limine [**docket entry no. 110**] is **GRANTED.** At the pretrial conference, Plaintiffs' counsel withdrew the objection to this Motion, after the Court noted his concern that the Defendant might open the door to excluded evidence at

trial.

*2. Defendant's Second Motion in Limine*

Defendant's Second Motion in Limine [**docket entry no. 111**] is **DENIED**. At the pretrial conference, Defendant's counsel conceded that the evidence which the Defendant sought to exclude was appropriate to raise during cross-examination.

*3. Plaintiffs' First Motion in Limine*

Plaintiffs' First Motion in Limine [**docket entry no. 112**] is **GRANTED**. Any references to evidence suggesting that the decedent misrepresented the cause of his hand injury are not relevant to the case and potentially confusing to a jury. Similarly, eliciting testimony as to why the decedent's daughter is not a plaintiff in the present lawsuit is also irrelevant and potentially misleading. This evidence is excluded pursuant to Federal Rule of Evidence 403. At the pretrial conference, the Court instructed Defendant's counsel to make a proffer at the appropriate time in order to preserve his objection.

*4. Plaintiffs' Motion for Leave to File Motion in Limine and to Strike Defendant's Out of Time Discovery Responses*

Plaintiffs' Motion [**docket entry no. 118**] is **GRANTED** in part and **DENIED** in part. The Court finds good cause to excuse the Defendant's untimely supplemental responses and will therefore not strike them simply because they are untimely. The Court, however, will grant the Plaintiffs three days to file an additional Motion

in Limine based on these responses and will grant the Defendant three days to respond (not counting the weekend). Plaintiffs are instructed to file their additional motion in limine on or before Friday, May 25, and Defendant's response will be due on or before Wednesday, May 30, 2012. The Court will rule on this final motion before the trial.

**SO ORDERED,** this the 22nd day of May 2012.

/s/ David Bramlette

**UNITED STATES DISTRICT JUDGE**