```
          IN THE UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

**CHERRIS NICHOLS, WIFE OF, INDIVIDUALLY
AND ON BEHALF OF THE DECEDENT
DONALD ALTON NICHOLS, AND JAMIE NICHOLS**                    **PLAINTIFFS**

V.                                    CASE NO. 5:11-cv-00010-DCB-JMR

**BARRY TILLMAN, JR., M.D.**                                   **DEFENDANT**

## ORDER

This cause is before the Court on Plaintiffs' Motion with Objections to Defendant's Request for Costs [**docket no. 138**] and Defendant's Amended Motion for Bill of Costs [**docket no. 141**]. The Court construes Defendant's Motion as a motion for leave to amend the original bill of costs. To the extent that the Defendant has added costs not contained in his first Bill, the Court will not tax them against the Plaintiffs because the Defendant has not shown good cause why he did not include the additional costs in his first Bill. See Local Uniform Civil Rule 54(c) (providing that "the prevailing party . . . must file the bill of costs not later than thirty days after entry of judgment"). Accordingly, the Court need only to address the Plaintiffs' objections and the Defendant's response.

## ANALYSIS

*A. Costs for Service and Subpoena*

The Defendant originally stated that he incurred $235 for costs for service and subpoena. The Plaintiffs object to this amount because he did not submit any documentation to verify it. In

response to the Show Cause Order, the Defendant reduced the amount to $225 and provided documentation to support this reduced amount. See Ex. 2, 3. The Court has reviewed the documentation and finds that the Defendant is entitled to costs for service and subpoena in the amount of $225. Therefore, the Court will reduce the amount originally assessed in the Bill of Costs by $10 to reflect this adjustment.

*B. Costs for Witness Fees*

The Defendant originally stated that he incurred $709.11 in costs for witness fees. The Plaintiffs object to this amount because they believe that the Defendant (1) is not entitled to collect costs associated with Dr. Hamison's deposition testimony and (2) cannot be reimbursed for two days of witness fees for Dr. Farrell since he only testified one day.[1] In response, the Defendant amended his costs to $662.00. But the new amount continues to include Dr. Hamison's deposition attendance fee and the costs for two days of Dr. Farrell's attendance at trial. Thus, the Plaintiffs' objections must be addressed.

As for Dr. Hamison's deposition attendance fee, as a general matter, deposition attendance fees are recoverable under 28 U.S.C. § 1821(b). While the Plaintiffs do cite authority for their

---

[1] Presumably, Plaintiffs' counsel spoke with Defendant's counsel out of court about how the costs were calculated because the Bill of Costs and the record did not initially reflect how the Defendant arrived at the amount taxed against the Plaintiffs.

2

position that Dr. Hamison's attendance fee is not recoverable, see Morris v. Carnathan, 63 F.R.D. 374, 378 (N.D. Miss. 1974), the Fifth Circuit has subsequently suggested that their position is incorrect to the extent that it conflicts with the general rule that "prevailing parties are entitled to recover the costs of original depositions and copies . . . [which are] necessarily obtained for use in the case." Fogleman v. ARAMCO (Arabian American Oil Co., 920 F.2d 278, 286 (5th Cir. 1991) (internal quotation marks omitted) (citing Morris—the case cited by the Plaintiffs—as a case that has "disagreed" with the general rule). To be specific, the Fifth Circuit stated that "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." Fogleman, 920 F.2d at 286.

Although the Plaintiffs argue that Dr. Hamison was not a "necessary witness," see Pl.s' Objs. at 4, they have not convinced the Court that Dr. Hamison's deposition was not necessarily obtained for use in this case, even in the absence of a counter-argument from the Defendant. Dr. Hamison treated the decedent shortly before his death and his testimony, from the Defendant's perspective, could have had some bearing on the trial. Even though the Court weighed the relevance of Dr. Hamison's testimony before trial and ultimately decided against its admissibility, the Court can only conclude that Dr. Hamison's deposition "could reasonably

be expected to be used for trial preparation." Fogleman, 920 F.2d at 286. Therefore, his attendance fee of $40 was properly awarded to the Defendant and the Plaintiffs' objection to that fee will be denied.

As for Dr. Farrell's two-day presence at the trial, this time the Court is not in a position to make a factual finding based on its knowledge of the trial or the record. The Plaintiffs dispute that it was necessary for Dr. Farrell to attend both days of trial. The Defendant counters that "Defendants, in an attempt to speed the Defendant's case in chief brought Dr. Farrell to trial, but were unable to put him on the witness stand and Dr. Farrell was present on two days of trial." Def.'s Response at 3. This response gives the Court no indication, however, whether Dr. Farrell's attendance on the first day was necessary. For example, it does not indicate whether Dr. Farrell was in a position to commute to his residence. See Breazeale By and Through Breazeale v. Smith, 857 F.2d 258, 260-61 (5th Cir. 1998). The Defendant's good-faith attempt to expedite the trial is insufficient to overrule the Plaintiffs' objection, and therefore Dr. Farrell's attendance fee will be reduced to $40, and his subsistence fee will be halved to $84.50.[2]

   C. *Costs for Copies and Materials*

---

[2] The Defendant relies on the federal per diem allowance to arrive at Dr. Farrell's subsistence costs. He does not provide any other documentation. The Plaintiffs have not disputed that Dr. Farrell is entitled to some subsistence fee, therefore, the Court halves Dr. Farrell's fee to sustain the Plaintiffs' objection.

The Defendant originally stated costs of $848.18 for copies and materials. The Plaintiffs object because the Defendant provided no documentation to support these costs. Further, the Plaintiffs state that the Defendant, in order to support their costs for photocopies, should produce: (1) a general description or label identifying the document, (2) the number of pages in the document, (3) the number of sets of documents copied, (4) the total number of pages copied, (5) the price per copy, and (6) the total photocopy charges. In response, the Defendant attempts to amend the amount for these costs to $920.69—and increase from the original amount—and provides a fairly detailed description of the costs incurred for copies and other materials. Ex. 12.

Having reviewed the documentation provided by the Defendant, the Court is satisfied that he has produced sufficient documentation to support the assessment of the amount contained in the original Bill of Costs. As stated at the outset, however, the Defendant has not sought leave of Court to amend the Bill of Costs. The Court will not penalize the Plaintiffs for objecting to the Bill of Costs in a timely manner by imposing upon them a greater amount than originally was taxed for costs, particularly since the Defendant has not shown good cause why he omitted these additional costs in his first Bill. Accordingly, the Court finds that the Plaintiffs' objection is denied as to the costs for copies and materials, but the Court will not assess the additional amount

contained in the Defendant's "Amended Bill of Costs."

*D. Costs for Transcript Fees*

Finally, the Defendant seeks transcript costs in the amount of $1,433.45. The Plaintiffs object to these costs because the Defendant produced no supporting documentation. In response, the Defendant has produced documentation to support this amount. Exs. 4, 5, 6, 7. Therefore, the Plaintiffs' objection to the assessment of these costs is denied.

## RECALCULATION

The Defendant has conceded that the costs for services and subpoenas should be reduced by $10 and the costs for witness fees should be reduced by $47.11. Additionally, the Court has concluded that the costs for witness fees should be reduced by $125.50 because the Defendant has not proven that he is entitled to costs for Dr. Farrell's first-day attendance. Finally, for the reasons discussed above, the Court will subtract this amount from $3,225.74, which is the amount of Defendant's original Bill of Costs. Accordingly, the new amount for the Defendant's recoverable costs is $3,043.13.

**IT IS THEREFORE HEREBY ORDERED THAT** the Plaintiff's Objections to the Defendant's Bill of Costs are **SUSTAINED IN PART AND OVERRULED IN PART. IT IS FURTHER HEREBY ORDERED THAT** Defendant's Amended Motion for Bill of Costs [**docket no. 141**], construed by this Court as a motion for leave to file an

amended bill of costs, is **DENIED. IT IS FURTHER HEREBY ORDERED THAT** costs are taxed in the amount of $3,043.13 against the Plaintiffs and the Court's original taxation of costs entered on July 11, 2012 [**docket entry no. 139**] is hereby **WITHDRAWN.** So **ORDERED,** this the 15th day of February 2013.

                                                  /s/ David Bramlette
                                      **UNITED STATES DISTRICT COURT**